**Paul G. BAMBERG, et al.,**

v.

**Jo LERNOUT, et al.**

**Janet Baker, et al.,**

v.

**KPMG LLP, et al.**

**Nos. CIV.A.02–10304–PBS,
CIV.A.02–10305–PBS.**

United States District Court,
D. Massachusetts.

Dec. 14, 2004.

Terence K. Ankner, The Law offices of Partridge, Ankner & Horstmann,LLP, Boston, MA, Richard E. Bennett, Willcox, Pirozzolo & McCarthy, P.C., Boston, MA, Jeffrey C. Block, Berman, DeValerio, Pease, Tabacco Burt & Pucillo, Boston, MA, Arthur G. Connolly, III, Connolly, Bove, Lodge & Hutz, Wilmington, DE, Alan K. Cotler, Reed, Smith, LLP, Philadelphia, PA, Karen C. Dyer, Boies, Schiller & Flexner LLP, Orlando, FL, Tracy Z. Frisch, Reed, Smith, LLP, Philadelphia, PA, Kurt F. Gwynne, Reed, Smith LLP, Wilmington, DE, Sean M. Halpin, Reed, Smith, LLP, Philadelphia, PA, Robert A. Nicholas, Reed, Smith, LLP, Philadelphia, PA, James J. Nicklaus, Attorney at Law, Cambridge, MA, Jack R. Pirozzolo, Willcox, Pirozzolo & McCarthy, PC, Boston, MA, Michael T. Scott, Reed, Smith, LLP, Philadelphia, PA, Joan A. Yue, Reed, Smith, LLP, Philadelphia, PA, for Plaintiffs.

David H. Braff, Sullivan & Cromwell, New York, NY, Michael P. Carrol, Davis, Polk & Wardwell, New York, NY, Michael P. Carroll, Davis, Polk & Wardwell, New York, NY,

---

Donald Chase, Morrison Cohen Singer & Weinstein, LLP, New York, NY, Robert M. Cohen, Cohen & Fierman, LLP, Boston, MA, Nicholas W.C. Corson, Hogan & Hartson, LLP, New York, NY, Peter W. Devereaux, Latham & Watkins, Los Angeles, CA, James S. Dittmar, Goodwin Procter LLP, Boston, MA, Theodore Edelman, Sullivan & Cromwell, London, MA, Thomas W. Evans, Cohen & Fierman, LLP, Boston, MA, Anthony M. Feeherry, Goodwin Procter, LLP, Boston, MA, William Fenrich, Davis, Polk & Wardwell, New York, NY, Janet B. Fierman, Cohen & Fierman, LP, Boston, MA, James O. Fleckner, Goodwin Procter LLP, Boston, MA, Joanne Gaboriault, Skadden, Arps, Slate, Meagher, & Flom LLP, New York, NY, Victoria Milda Genys, Kirkpatrick & Lockhart, Boston, MA, Edward P. Gilbert, Morrison, Cohen, Singer & Weinstein, LLP, New York, NY, John A.D. Gilmore, Piper, Rudnick LLP, Boston, MA, Andrew Good, Good & Cormier, Boston, MA, Philip L. Graham, Jr., Sullivan & Cromwell, New York, NY, Jeff Hammel, Latham & Watkins, New York, NY, John G. Harris, Reed Smith, Wilmington, DE, Bradley A. Harsch, Sullivan & Cromwell, New York, NY, Henry A. Heiman, Heiman, Aber Goldlust & Baker, Wilmington, DE, Stephen E. Jenkins, Ashby & Geddes, Wilmington, DE, Gordon M. Jones, Nixon Peabody, LLP, Boston, MA, Robert J. Kaler, Gadsby & Hannah LLP, Boston, MA, Susan E. Kaufman, Heiman, Aber, Goldlust & Baker, Wilmington, DE, Emily F. Klineman, Ropes & Gray LLP, Boston, MA, Lewis H. Lazarus, Morris, James, Hitchens & Williams, Wilmington, DE, Mark Lebovitch, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, Kevin J. Lesinski, Seyfarth Shaw, LLP, Boston, MA, Paul J. Lockwood, Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE, Douglas F MacLean, Latham & Watkins, Newton, MA, Matthew J. Matule, Skadden, Arps, Slate, Meagher & Flom LLP, Boston, MA, William Shaw McDermott, Kirkpatrick & Lockhart, Boston, MA, Kristin G. McGurn, Seyfarth Shaw, LLP, Boston, MA, Amy M. McNamer, Zuckerman Spaeder LLP, Washington, DC, Douglas H. Meal, Ropes & Gray LLP, Boston, MA, William R. Moorman, Craig & Macauley, P.C., Boston, MA, Peter M. Morrison, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, Peter Morrisson, Skadden, Arps, Slate, Meagher & Flom, New York, NY, Megan Elizabeth Murray, Kirkpatrick & Lockhart LLP, New York, NY, Kirsten M. Nelson, Piper Rudnick LLP, Boston, MA, Eric Neyman, Gadsby & Hannah LLP, Boston, MA, Diem–Suong T. Nguyen, Davis Polk & Wardwell, New York, NY, Eric Rieder, Robinson, Silverman, Pearce, Aronsohn & Berman LLP, New York, NY, Gregg D. Shapiro, Choate, Hall & Stewart, Boston, MA, Robert P. Sherman, Nixon Peabody LLP (BOS), Boston, MA, Michael J. Stone, Peabody & Arnold LLP, Boston, MA, Beth A. Tchilinguirian, Robinson, Silverman, Pearce, Aronsohn & Berman LLP, New York, NY, Daniel P. Waxman, Robinson, Silverman, Pearce, Aronsohn & Berman LLP, New York, NY, Stephanie G. Wheeler, Sullivan & Cromwell, New York, NY, Bryan A. Wood, Berman DeValweio Pease, Tabacco, Burt & Pucillo, Boston, MA, George A. Zimmerman, Skadden, Arps, Slate, Meagher, & Flom LLP, New York, NY, Roger E. Zuckerman, Zuckerman Spaeder LLP, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER ON MOTION OF BAMBERG AND ROTH PLAINTIFFS TO COMPEL PRODUCTION OF 30(b)(6) WITNESSES BY SG COWEN SECURITIES CORP., ETC. (# 532)

COLLINGS, United States Magistrate Judge.

Rule 26(b)(2)(ii), Fed.R.Civ.P., provides, in pertinent part:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules...shall be limited by the court if it determines that: ... (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the discovery sought...".

If there was ever a situation in which this rule should be enforced, it is this case.

The above-styled cases have been consolidated. The moving parties to the motion which seeks an order compelling further 30(b)(6) testimony from the defendant S.G.

Cowen Securities Corp. (hereinafter, "Cowen") are the plaintiffs in C.A. 02–10304–PBS (hereinafter, "the Bamberg plaintiffs"). The plaintiffs in C.A. 02–10305–PBS (hereinafter, "the Baker plaintiffs") took the 30(b)(6) deposition of Cowen in April, 2004. The Bamberg plaintiffs did not attend. Evidently, the Baker plaintiffs were not satisfied with the 30(b)(6) witness' answers given at the April deposition and/or desired further testimony, so it was agreed between the Baker plaintiffs and Cowen that the same 30(b)(6) witness would be further deposed on October 20, 2004.

On September 28, 2004, the Bamberg plaintiffs served their own Notice of 30(b)(6) deposition on Cowen. Some of the topics delineated were identical to the topics delineated in the Baker plaintiffs' prior notice. Others were either new or arguably subsumed in broader topics also contained in the Baker notices. On September 29, 2004, counsel for Cowen alerted counsel for the Bamberg plaintiffs that the deponent would be deposed further on October 20th at the Baker plaintiffs' request...

> regarding information about which there has not previously been testimony. Since the...Bamberg action has been consolidated with the Baker action, we will not make a 30(b)(6) witness separately available for you. To the extent you have questions, please coordinate with counsel for the Baker plaintiffs to share their time on October 20, 2004.

Motion, Etc. (# 532), Exh. B.

Counsel for the Bamberg plaintiffs did not appear at the October 20th deposition. So far as appears, he did not attempt to coordinate the questioning of the 30(b)(6) witness with counsel for the Baker plaintiffs. Further, he did not seek assurances from counsel for Cowen that he would be able to ask questions contained in his notice at the October 20th deposition. Lastly, he did not request that additional time be allotted for him to question the witness if counsel for the Baker plaintiffs used all the available time. If he had, and it was demonstrated from the record that these requests had been refused, counsel for the Bamberg plaintiffs would have had a basis for filing a motion to compel

requiring the Court to permit counsel for the Bamberg plaintiffs to ask questions contained in their notice and authorize an additional period of time for the deposition on October 20th.

Further, if the counsel for the Bamberg plaintiffs had attended the October 20th deposition and the record of the deposition revealed that counsel for Cowen had refused to permit counsel for the Bamberg plaintiffs to ask questions on the topics contained his September 28th notice or that there was insufficient time for him to examine the witness on the subjects contained in the notice, again counsel for the Bamberg plaintiffs would have a basis for seeking an order compelling further 30(b)(6) deposition testimony.

But, in the circumstances, it was improper for counsel for the Bamberg plaintiffs not to seek an accommodation with Cowen in advance of the October 20th deposition which would have permitted him to ask the questions contained in his notice and have sufficient time to do so. Even if he had not sought an accommodation for whatever reason, it was improper not to attend the October 20th deposition and attempt at that time to obtain the testimony he desired.

In addition, one wonders why this motion was not filed until December 6, 2004, more than six weeks after the October 20th deposition. Cowen suspects that it is because counsel for the Bamberg plaintiffs wished to have Cowen's motion for summary judgment, due December 13th, in hand before he deposed the 30(b)(6) witness. Whether or not that was counsel for the Bamberg plaintiffs' intent, the fact remains that to allow the deposition to go forward after Cowen's motion for summary judgment is filed would be manifestly unfair. In the absence of a finding pursuant to Rule 56(f), Fed.R.Civ.P., no discovery should be permitted after the date on which motions for summary judgment are due to be filed.

I end as I began. Under Rule 26(b)(2)(ii), Fed.R.Civ.P., counsel for the Bamberg plaintiffs "...has had ample opportunity by discovery in the action to obtain the discovery sought...". Accordingly, it is ORDERED that the Motion of Bamberg and Roth Plaintiffs to Compel Production of 30(b)(6) Wit-

ness by SG Cowen Securities Corp., Etc. (# 532) be, and the same hereby is, DE-NIED.

As a separate and independent basis for the denial, I rule that the September 28th Notice was untimely. On June 28, 2004, I issued a Scheduling Order requiring that all discovery be filed and/or served by August 23, 2004 and completed by September 30, 2004. Thus, any notices of deposition had to be served before August 23rd to be timely. Contrary to counsel's suggestion, there is nothing in the transcript of the August 6th conference before Judge Saris which altered that date. Further, there is nothing on the docket of this case which reflects any alteration of that date, although the docket in this case reveals that on October 13, 2004, the District Judge to whom this case is assigned granted a motion to extend the time to *complete* discovery to November 15, 2004. However, there is nothing on the docket in this case which would indicate that the August 23rd deadline for initiating discovery was altered.

There is an indication that at a status conference on September 27, 2004 in 00cv11589, Judge Saris granted a two-week continuance as to all discovery dates. However, if that extension is applicable to the above-styled case, that extension would have made September 6, 2004 the last date for initiating discovery. Under this scenario, the September 28th notice would still be untimely.